|                                   |                           |
|-----------------------------------|---------------------------|
| PATRICIA RODRIGUEZ,               | No. 1:23-cv-01537-KES-BAM |
| Plaintiff,                        |                           |
| v.                                | ORDER                     |
| OTIS ELEVATOR COMPANY, et al.,    |                           |
| Defendants.                       | (Docs. 8, 9)              |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Patricia Rodriguez seeks leave to amend her complaint and moves to remand this action to the Madera County Superior Court. Docs. 8, 9. Defendant Otis Elevator Company ("Otis Elevator") timely opposed the motions to amend and to remand. *See* Docs. 10, 13. The Court took both motions under submission. Docs. 15, 21. For the reasons set forth below, Rodriguez's motion to amend is granted and this action is remanded to Madera County Superior Court.

**I.    BACKGROUND**

Rodriguez alleges she was injured when an elevator at the Chukchansi Gold Resort and Casino "suddenly and violently jerked" and knocked her to the ground. Notice of Removal, Ex. A ("Complaint"), Doc. 1 at 19 ¶ 2. Rodriguez filed suit in Madera County Superior Court,

1

alleging claims against defendants Otis Elevator Company, LLC ("California Otis"), Otis Elevator, and Does 1 to 100 for (1) product liability - negligence, (2) strict products liability – manufacturing defect, (3) strict product liability – failure to warn, and (4) strict products liability – design defect. *See* Complaint. In the complaint, Rodriguez alleges that defendants "improperly designed, manufactured, supplied, installed, inspected, repaired, and maintained the subject elevator such that their actions were negligent" and caused her injuries. *Id.* ¶ 14. Otis Elevator filed its Answer on October 3, 2023. Doc. 1 ("Notice of Removal") at 30-36. Otis Elevator is a New Jersey corporation with its principal place of business in Connecticut and is a citizen of New Jersey and Connecticut. *Id.* ¶ 6. Rodriguez alleges that California Otis is a citizen of California for diversity purposes. *Id.* ¶ 7.

On October 30, 2023, Otis Elevator removed this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Doc. 1 at 1. In its notice of removal, Otis Elevator alleges that California Otis is not a proper party in this action as it is a separate and distinct business entity from Otis Elevator and is not owned or controlled by Otis Elevator. *Id.* at 3.

Following removal, Rodriguez moved to amend her complaint and moved to remand this action to state court. Doc. 8; Doc. 9. Rodriguez seeks to amend her complaint under Federal Rule of Civil Procedure 15 to add additional defendants and causes of actions. Specifically, Rodriguez seeks to remove California Otis as a defendant and to add four new defendants: (1) Kevin Dix, the manager of Otis Elevator's Fresno office; (2) Christopher Beruke, the superintendent of Otis Elevator's Fresno office; (3) Scott Nakada, an employee of Otis Elevator's Fresno office; and (4) Claudia Gonzales, Chairwoman of the Chukchansi Gold Resort and Casino. Doc. 8 at 9-10. The new proposed defendants are all citizens of California. *Id.* Rodriguez seeks to add additional causes of action for negligence and for the negligent hiring, supervision, and/or retention of employee Scott Nakada. *Id.* at 15-18.

///
///
///
///

2

## II. MOTION TO REMAND

Rodriguez first seeks to remand this action on the basis that California Otis was not fraudulently joined and that there was not complete diversity at the time of removal. Doc. 9.

### A. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand is the proper procedure for challenging removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If there is doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* The Ninth Circuit has recognized two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks and citation omitted).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Rather, the standard for fraudulent joinder is akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the

3

federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis in original)).

**B.     Discussion**

The sole issue raised in Rodriguez's motion to remand is whether California Otis is a proper defendant whose presence destroys diversity jurisdiction.[1]  In its notice of removal, defendant Otis Elevator alleges that California Otis is not an affiliated entity, that it is not owned or controlled by Otis Elevator, that it is infringing on Otis Elevator's trademark, and that it is not a proper defendant in this action.  *See* Doc. 9.

Although "[n]ormally, the existence of federal jurisdiction on removal must be determined from the face of plaintiff['s] complaint," *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993) (alterations in original) (citation omitted), "this proposition does not extend to the fraudulent joinder context," *Bell v. Terminix Int'l Co. Ltd. P'ship*, No. 16-00012 ACK-KSC, 2016 WL 3166318, at *3 (D. Haw. June 6, 2016).  Rodriguez argues that, at the time she filed her complaint, she was not aware that California Otis was an improper defendant.  However, the fraudulent joinder inquiry does not require that plaintiff have an intent to deceive, but rather, can be established by plaintiff's inability to "establish a cause of action against the non-diverse party in state court." *GranCare*, 889 F.3d at 548.  "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).  A defendant can establish fraudulent joinder by

---

[1] Rodriguez alleges that California Otis is a California corporation and is therefore a citizen of California for diversity purposes.  Complaint ¶ 3.  However, California Otis appears to be a limited liability corporation.  "A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (internal quotation marks and citation omitted).  Because Rodriguez does not make any allegations regarding the citizenship of California Otis' members, if California Otis were a limited liability corporation Rodriguez's allegations would be insufficient to establish its citizenship.  However, because the Court finds that California Otis was not properly joined, this Order need not further address the citizenship of California Otis.

4

showing that the nondiverse defendant "cannot be liable on any theory." *GranCare*, 889 F.3d at 548.

In its notice of removal, Otis Elevator submitted evidence that California Otis is not affiliated with it and that it sent a cease-and-desist letter to California Otis for infringing on its trademark. Rodriguez does not challenge the sufficiency of Otis Elevator's evidence.[2] More importantly, in moving to amend her complaint, Rodriguez seeks to remove California Otis as a defendant. *See* Doc. 8. In her motion to amend, Rodriguez argues that she timely moved to amend her complaint upon learning that one of the defendants (i.e., California Otis) was not liable in this action. Doc. 8 at 4. Rodriguez effectively concedes that California Otis is not a correct defendant and that she is unable to establish a cause of action against California Otis under any theory. *See* Doc. 8; *see also GranCare*, 889 F.3d at 548. Accordingly, California Otis was fraudulently joined, and this Court would have diversity jurisdiction over this action unless Rodriguez's motion to amend is granted. As such, the Court will turn to the motion to amend to determine whether the proposed amendment, which would destroy diversity jurisdiction, is appropriate.

### III. MOTION TO AMEND

#### A. Legal standard

Where a proposed amendment would add a nondiverse defendant and destroy diversity jurisdiction, district courts evaluate the proposed joinder pursuant to 28 U.S.C. § 1447(e). *See Garcia v. Welltower OpCo Grp.*, LLC, No. 8:20-cv-02250-JVS(KESx), 2023 WL 2612605, at *5 (C.D. Cal. Mar. 23, 2023) (compiling cases); *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-CV-01142 DJC AC, 2024 WL 1306170, at *3 (E.D. Cal. Mar. 25, 2024) (compiling cases). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive

---

[2] After the briefing of the motion to remand was completed, Otis Elevator filed a contract showing that Otis Elevator and the Chukchansi Gold Resort and Casino were the only contracting parties with respect to the servicing and maintenance of the elevator. Doc. 16 at 2.

5

terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

District courts generally consider the following factors when exercising their discretion to permit or deny joinder of non-diverse defendants:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) ("Rule 19") as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendant[] in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing, *inter alia*, *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

"Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder." *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-00846, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)). "Considerations of judicial economy are especially relevant and often animate courts' assessment of these factors." *Serna v. Costco Wholesale Corp.*, No. 1:23-cv-01225-KES-CDB, 2024 WL 4554866, at *2 (E.D. Cal. Oct. 23, 2024) (citing *Palestini*, 193 F.R.D. at 658). "[D]efendant bears the burden of establishing that removal is proper," and any doubt as to removability is resolved in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

**B.     Analysis**

As Rodriguez seeks leave to join new defendants who would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) governs, and the Court considers the six factors listed above to determine whether joinder of the new defendants, which would result in remand, is appropriate.

6

### 1. Joinder Under Rule 19(a)

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), 'amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19.'" *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW(KSX), 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) (quoting *Sabag*, 2016 WL 6581154, at *4). This factor supports joinder where the non-diverse defendants were directly involved in the alleged negligent conduct, but not when the non-diverse defendants "are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011-12.

Rodriguez argues that she has a "good faith belief" that the manager and superintendent at Otis Elevator's Fresno Office were "negligent in hiring and/or supervising those tasked with maintaining the elevator." Doc. 8 at 5. Otis Elevator argues that adding the new defendants is futile because Rodriguez "does not allege that the Otis Elevator employees acted independently or with an interest separate from their duties as agents of Otis Elevator" and, thus, any liability is coextensive with that of Otis Elevator. Doc. 10 at 3. However, "[t]he fact that [the employer defendant] may be both directly liable for its negligence and vicariously liable for the negligence of [its employee] supports [the argument that the employee] is a necessary party to this action, and not merely tangentially related." *Franco v. Costco Wholesale Corp.*, No. CV 18-7586-MWF (AFMX), 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018); *see also Roblin v. Costco Wholesale Corp.*, No. 23-CV-01828-RFL, 2024 WL 1131038, at *2 (N.D. Cal. Mar. 4, 2024) (employee is necessary party because plaintiff is entitled to pursue claims against employee individually even if store would be vicariously liable for the alleged negligence); *Pelz v. Sprouts Farmers Mkt.*, No. 24-CV-02078-VKD, 2024 WL 3740125, at *3 (N.D. Cal. July 30, 2024) (compiling cases).

Rodriguez seeks to add the manager, the superintendent, and an employee of Otis

7

1   Elevator's Fresno office, as well the Chairwoman of the Chukchansi Gold Resort and Casino.
2   The Court will focus on the allegations against the Otis Elevator employees because if those
3   defendants were joined, they would destroy diversity.  The proposed amended complaint, like the
4   original complaint, alleges that Otis Elevator was negligent in maintaining and servicing the
5   elevators and that such negligence caused Rodriguez's injuries.  The amended complaint adds
6   additional causes of action for negligence and for the negligent hiring, retention, and/or
7   supervision of Nakada.  *See* Doc. 8 at 17.  Otis Elevator does not dispute that Dix, Beruke, and
8   Nakada are its employees and that they either directly serviced the elevator or supervised other
9   employees' maintenance and servicing of it.  *See* Doc. 10.   Because the Otis Elevator employees
10  were responsible for the maintenance and servicing of the elevator prior to and at the time of the
11  incident, their joinder is arguably necessary for a "thorough examination" of their actions and
12  potential negligence.  *See J.A.V. v. PC Grp. Retail LLC*, No. 8:24-CV-01637-JVS-JDE, 2024 WL
13  4404402, at *3 (C.D. Cal. Oct. 4, 2024) (owner and manager of property responsible for
14  overseeing all maintenance and repairs of escalator was a necessary party).  As the actions of the
15  Otis Elevator employees directly affect plaintiff's claims against Otis Elevator, the employees are
16  appropriately joined in this action.  *See Fortenberry v. Walmart Inc.*, No. EDCV 23-2601-KK-
17  SHKX, 2024 WL 1343166, at *4 (C.D. Cal. Mar. 29, 2024) (store manager allegedly negligent in
18  his duties to manage the premises and negligent in supervision of store's employees was a
19  necessary party).

20  Accordingly, this factor weighs in favor of permitting joinder of the Otis Elevator
21  employees.

### 2. Statute of Limitations

23  If the statute of limitations would preclude the filing of a new separate state court action
24  against the proposed defendants, this factor would weigh in favor of granting joinder of the new
25  defendants.  *Reyes v. FCA US LLC*, No. 1:20-CV-00833-DAD-SKO, 2020 WL 7224286, at *10
26  (E.D. Cal. Dec. 8, 2020).  If, however, the plaintiff could file an action against the new defendant
27  in state court "then there is less reason to join them in this action."  *Id.* (quoting *Sandhu v. Volvo
28  Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017).

The incident occurred on or about July 27, 2023.  Complaint ¶ 19.  As California's statute of limitations for personal injury suits is two years, Cal. Code Civ. P. § 335.1, the statute of limitations had not expired at the time Rodriguez sought to amend her complaint but expired while the instant motion was pending.  To the extent the statute of limitations, absent any tolling, would bar Rodriguez from filing a new action against the Otis Elevator employees, this factor would weigh in favor of joinder.

### 3. Timeliness

In evaluating this factor, district courts consider the length of time that passed between the filing of the original complaint and the amended complaint and whether dispositive motions have been filed.  *See Reyes*, 2020 WL 7224286, at *5 (compiling cases).  Rodriguez filed her original complaint on July 27, 2023, and she sought to amend her complaint on November 16, 2023.  Rodriguez thus moved to amend within four months of filing her original complaint.

Otis Elevator argues that a four-month delay in seeking leave to amend is a dilatory tactic that weighs against allowing amendment of the complaint.  Doc. 10 at 6.  However, Rodriguez did not unreasonably delay by moving to amend four months after filing her complaint.  Rodriguez argues that she immediately further researched the matter as soon as she knew that California Otis was fraudulently using Otis Elevator's name.  Doc. 8 at 4.  Once Rodriguez received the operative service agreement between Otis Elevator and Chukchansi Gold Resort and Casino, which indicated that employees from Otis Elevator's Fresno office worked on the elevator that allegedly injured her, *see id.* at 3-4, Rodriguez timely sought to amend her complaint.  Moreover, a four-month delay in seeking amendment is not inherently unreasonable.  *See Lara v. Bandit Indus., Inc.*, No. 2:12-CV-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (five-month delay in seeking amendment of complaint was not unreasonable).  Further, this case remains at the pleading stage, the case management conference is not scheduled to occur until November 13, 2025, and no dispositive motions have been filed.

As there has not been an unreasonable delay in seeking joinder of the new defendants, this factor weighs in favor of permitting joinder.

9

**4.      Motive for Seeking Joinder**

A plaintiff's motive for seeking joinder of a new defendant is relevant to the decision as to whether to grant plaintiff leave to amend the complaint. *Sandhu*, 2017 WL 403495, at *3. Here, Rodriguez argues that "as soon as Plaintiff learned that one of the Defendants was not liable for the instant case, she immediately did more research" and that she "uncovered several legitimate Defendants." Doc. 8 at 4. Rodriguez sought to add new defendants after learning that California Otis was an incorrect defendant. Otis Elevator fails to show that Rodriguez's sole motivation for seeking leave to amend her complaint was to defeat diversity jurisdiction. Moreover, "the question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at *5–6 (finding that plaintiff's motive in joining dealership defendant was "not solely to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate").

"Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Reyes*, 2020 WL 7224286, at *6 (collecting cases). Otis Elevator argues that Rodriguez's failure to initially name the new defendants shows that the proposed amendment is a dilatory tactic made in bad faith. Doc. 10 at 6. However, the claims against the proposed defendants, as discussed below, appear to be facially valid and the Court does not find that Rodriguez has acted in bad faith in seeking to amend her complaint. *See Reyes*, 2020 WL 7224286, at *7 ("even if plaintiff was *primarily* motivated to destroy diversity … that too is insufficient to support a finding of fraudulent joinder here because plaintiff has alleged a valid claim against [the new defendant]."). This factor weighs somewhat in favor of joinder.

**5.      Validity of Claims**

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019) (quoting *Forward–Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016)). This factor requires only that the claim be facially valid, which is a lower

10

standard than on a motion to dismiss or a motion for summary judgment. *See Sabag*, 2016 WL 6581154, at *6 (citing *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, *3 (E.D. Cal. 2015)).

Rodriguez has alleged that Otis Elevator negligently manufactured, sold, installed, maintained and serviced the elevators at Chukchansi Gold Resort and Casino. Complaint ¶ 4. Otis Elevator does not dispute that Rodriguez has stated facially valid claims against the Otis Elevator employees for negligence, only that any liability against the employees would be coextensive with that of Otis Elevator. Doc. 10 at 7. The negligence claims against an employee who serviced the elevator, and against the manager and superintendent who supervised or trained such employee, are facially valid. Because Rodriguez has identified facially valid negligence claims against the Otis Elevator employees, this factor weighs in favor of joinder.

### 6. Prejudice

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 (internal quotation marks and citation omitted). "Where claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once[.]'" *Claar v. Centaur Holdings United States Inc.*, No. 5:22-CV-00742-SHK, 2023 WL 359489, at *9 (C.D. Cal. Jan. 19, 2023) (internal quotation marks and citation omitted).

Otis Elevator argues that it will be prejudiced if the complaint is amended to add new defendants and new causes of action because such amendment would expand the scope of the litigation. However, the new claims and defendants arise out of and concern the same factual circumstances. In her original complaint, Rodriguez alleged that Otis Elevator had a contract to, among other duties, maintain and service the elevator. Complaint ¶¶ 4, 12-13. The amended complaint alleges that Otis Elevator and the employees negligently failed to properly maintain and service the elevator at issue. The addition of the new defendants and causes of action for negligence would not significantly expand the scope of the litigation. However, if the Court denies joinder, the California statute of limitations may bar a new action against the Otis Elevator

employees in state court absent any tolling, and Rodriguez might have to forego her facially valid claims against the employees. This factor likewise supports joinder.

## IV. CONCLUSION

Given that the § 1447(e) factors overall weigh in favor of permitting joinder, the Court finds that the joinder of the Otis Elevator employees is appropriate. The Court will exercise its discretion to permit their joinder in this action.

As the addition of the Otis Elevator employees, who are citizens of California, destroys diversity jurisdiction, the Court will remand this action to the Madera County Superior Court. *See* 28 U.S.C. § 1447(e).

Accordingly:

1. Rodriguez's motion for leave to file first amended complaint (Doc. 8) is granted.
2. Rodriguez's First Amended Complaint (Exhibit 1 to the Declaration of Erik Harper in Support, Doc. 8 at 8-20) is deemed filed and is the operative complaint.
3. This action is REMANDED to the Madera County Superior Court for lack of subject matter jurisdiction.
4. The Clerk of Court shall mail a copy of this order to the clerk of the Madera County Superior Court.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 1, 2025

UNITED STATES DISTRICT JUDGE